Matter of Caro (2020 NY Slip Op 04161)





Matter of Caro


2020 NY Slip Op 04161


Decided on July 22, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2019-12066

[*1]In the Matter of Richard P. Caro, an attorney and counselor-at-law. (Attorney Registration No. 1009893)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 24, 1974. By order to show cause dated November 29, 2019, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of the State of Illinois dated May 21, 2019, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court with proof of service upon the Grievance Committee for the Tenth Judicial District, on or before January 22, 2020.



Catherine A. Sheridan, Hauppauge, NY (Stacey J. Sharpelletti of counsel), for Grievance Committee for the Tenth Judicial District.
Richard P. Caro, Santa Rosa Beach, Florida, respondent pro se.



PER CURIAM.


OPINION & ORDER
By order dated May 21, 2019, the Supreme Court of the State of Illinois disbarred the respondent from the practice of law in that state.
The Illinois Proceedings
In January 2017, the Administrator for the Illinois Attorney Registration and Disciplinary Commission (hereinafter ARDC) filed a four-count amended complaint alleging that the respondent engaged in the unauthorized practice of law, dishonesty, and conduct prejudicial to the administration of justice, by handling eight different Illinois legal matters for his former landlord (count one); failed to respond to a lawful demand for information from a disciplinary authority by failing to appear for his sworn statement during the Administrator's investigation of his conduct (count two); attempted to engage in impermissible conflicts of interest by seeking to have his client execute an agreement which (a) prospectively limited the respondent's liability to his client when his client was not independently represented, and (b) granted the respondent an interest in his client's business without advising his client in writing that he may seek independent legal counsel (count three); and failed to reduce a contingent fee agreement to writing in one of the eight matters (count four), in violation of Rules 1.5(c), 1.8(a) and 1.8(h)(1), 5.5(a), 8.1(b), and 8.4(a), (c), and (d) of the Illinois Rules of Professional Conduct (2010), respectively.
After prehearing proceedings were conducted and a hearing date set, the Administrator filed a joint motion for approval of a petition to impose discipline on consent. The joint motion included an affidavit executed by the respondent on July 14, 2017, which was previously sent to him by counsel for the Administrator. The petition was rejected for filing as the [*2]petition did not contain the language required by Illinois Supreme Court Rule 762(b). Thereafter, the Administrator learned that the respondent had altered the petition by deleting the phrase "[t]he assertions in the petition are true and complete." Upon the respondent's refusal to execute a new affidavit with the above required wording, a contested hearing was scheduled.
Although the respondent requested to appear remotely at the hearing, his motion to do so was denied. The respondent filed objections and indicated that he would not appear at the hearing.
1. The Hearing Board's Report and Recommendation
On the scheduled hearing date, November 29, 2017, the respondent did not appear before the Hearing Board. The Hearing Board determined that the respondent's motion to appear remotely was properly denied, and granted a motion by the Administrator to strike the respondent's answer to the amended complaint and to deem the allegations in the amended complaint admitted.
The principal allegation of misconduct against the respondent was his unauthorized practice of law. Between August 2010 and September 2011, the respondent provided legal advice and services to Dennis Martinek, the respondent's then landlord, and to Politico, LLC, doing business as Vini's of Lincoln Park (hereinafter Vini's), a business in which Martinek was an investor. Martinek agreed to apply monthly rent payments of $1,000 towards the respondent's legal fees. A dispute arose between the parties over rents and legal fees owed, resulting in Martinek commencing an eviction proceeding against the respondent, the respondent filing for bankruptcy in federal court, and the respondent filing an adversary complaint against Martinek seeking an order denying Martinek's claim for unpaid rent and granting the respondent's claim for legal fees owed.
The respondent was alleged to have engaged in other misconduct, as follows: (1) in January 2015, the bankruptcy judge assigned to the respondent's case reported to the ARDC that the respondent may have engaged in the unauthorized practice of law. While the respondent sent a letter response to the Administrator's inquiry, the respondent did not comply when subpoenaed to appear to give a sworn statement; (2) in September 2010, in connection with legal services that the respondent was providing to Martinek, he prepared an "Agreement and Assignment" granting himself a 10% ownership interest in one of Martinek's businesses, without advising Martinek in writing that he could seek independent advice of counsel with regard to the proposed assignment. Martinek never signed the agreement; and (3) in September 2010, the respondent represented Martinek and Vini's in a dispute with Martinek's bank. The respondent settled the dispute, took one-third of the recovery as his fee, but never reduced the contingency agreement to writing.
The Hearing Board found that the respondent engaged in the unauthorized practice of law, in violation of Rule 5.5(a) of the Illinois Rules of Professional Conduct (2010), by representing Martinek and Vini's in eight different matters; and that in so doing he engaged in dishonesty, in violation of Rule 8.4(c) of the Illinois Rules of Professional Conduct (2010) as he held himself out to be an attorney authorized to practice in Illinois when that was not the case, and engaged in conduct prejudicial to the administration of justice, in violation of Rule 8.4(d) of the Illinois Rules of Professional Conduct (2010), because his actions potentially harmed his clients' interests.
The Hearing Board further found that the respondent knowingly failed to appear for his sworn statement, in violation of Rule 8.1(b) of the Illinois Rules of Professional Conduct (2010); that he attempted to violate the conflict of interest rules, in violation of Rules 1.8 and 8.4(a) of the Illinois Rules of Professional Conduct (2010); and that he failed to reduce a contingent fee agreement to writing, in violation of Rule 1.5(c) of the Illinois Rules of Professional Conduct (2010).
The Hearing Board found no mitigation as the respondent did not appear at the hearing, and therefore presented no mitigation. It found, in aggravation, that (1) the respondent apparently had no desire or ability to understand and follow the various rules of the Supreme Court or the ARDC, given his conduct during the disciplinary proceedings; (2) his failure to attend the hearing showed a lack of respect for the disciplinary process; and (3) he "secretly" and "surreptitiously" altered his affidavit in support of the petition for discipline on consent, without informing counsel for the Administrator that he had done so. Additionally, the Hearing Board considered the respondent's disciplinary history in New York, where he was suspended from the practice of law for six months by the Appellate Division of the Supreme Court in the First Judicial Department for lying under oath and destroying evidence (see Matter of Caro, 97 AD3d 148). On March 28, 2013, he was reinstated by the First Department (see Matter of Caro, 2013 NY Slip Op 69162 [U] [1st Dept]). The Hearing Board found that the respondent's prior misconduct in New [*3]York to be a serious aggravating factor because it involved dishonesty as well, and because the respondent should have been under a heightened awareness to strictly comply with his ethical obligations as the New York proceedings were recent and pending during some of the time involved in the current matter. Taking into account the significant aggravation, the Hearing Board recommended that the respondent be suspended for one year and until further order.
2. The Review Board's Report and Recommendation
The respondent filed exceptions to the Hearing Board's Report and Recommendation, arguing that the Hearing Board erred in denying his motion to appear remotely at the hearing, and that the disciplinary proceedings against him violated his right to due process because the hearing panel relied on misinformation in reaching its decisions. He asked that the Review Board vacate the Hearing Board's Report and Recommendation and remand the matter for a new hearing.
The Review Board found that the Hearing Board did not abuse its discretion in denying the respondent's motion to appear remotely, and that the proceedings were fair and did not violate the respondent's right to due process. The Review Board affirmed the findings of misconduct. However, the Review Board disagreed with the Hearing Board's recommended sanction of a one-year suspension, and recommended instead that the respondent be disbarred from practice in Illinois, concluding:
"In sum, Respondent intentionally disregarded the Illinois Rules of Professional Conduct and the Rules of the Illinois Supreme Court. In so doing, he exhibited contempt for our legal system and disciplinary process, and demonstrated that he is unfit to practice law in Illinois. His conduct reflects poorly on the legal profession and cannot be countenanced. Consequently, we find his disbarment from practice in Illinois is necessary to protect the public, maintain the integrity of the legal profession, and protect the administration of justice from reproach [citation omitted]."
3. The Supreme Court of the State of Illinois Order
The respondent petitioned for leave to file exceptions to the Review Board's Report and Recommendation. By order dated May 21, 2019, the Supreme Court of the State of Illinois denied the petition and disbarred the respondent.
The New York Proceedings
By order to show cause dated November 29, 2019, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of the State of Illinois dated May 21, 2019, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court with proof of service upon the Grievance Committee for the Tenth Judicial District, on or before January 22, 2020. The order to show cause instructed that "[i]f any of the defenses enumerated in 22 NYCRR 1240.13(b)(1) or (2) are raised, such affidavit shall be supported by a copy of the record of the proceedings held in the State of Illinois."
By response dated December 16, 2019, the respondent advised this Court that he consents to the imposition of discipline.
Findings and Conclusions of Law
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted based on the discipline imposed by the Supreme Court of the State of Illinois.
In determining an appropriate measure of discipline, we find the respondent was found, inter alia, to have engaged in the unauthorized practice of law in multiple matters and that in doing so he engaged in dishonest conduct. Additionally, he failed to cooperate with the ARDC, surreptitiously altered the petition for discipline on consent, and failed to appear for his disciplinary hearing. After being afforded an opportunity by this Court to demonstrate why discipline should not be imposed, the respondent did not contest the imposition of discipline, and failed to offer any mitigating circumstances. We have also considered as an aggravating factor the respondent's prior disciplinary history which includes a six-month suspension for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation which was prejudicial to the administration of justice (see Matter of Caro, 97 AD3d 148).
Under the totality of circumstances, we find that the imposition of reciprocal [*4]discipline is warranted, the respondent is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Richard P. Caro, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Richard P. Caro, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Richard P. Caro, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Richard P. Caro, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court